16 F.3d 411
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Carl H. RICKER, Jr., Plaintiff-Appellant,
v.
Rufus L. EDMISTEN, Secretary of State; Lacy H. Thornburg,
Attorney General; James A. Graham, Department of
Agriculture;
John C. Brooks, Department of Labor; Bob Etheridge,
Department of Public Instruction; James S.
Lofton, Secretary of Administration;
Haywood Street Redevelopment
Corporation,
Defendants-
Appellees.
 No. 93-1756.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1993.
Decided Feb. 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-92-96-CIV-5-BO)
 William Woodward Webb, Broughton, Wilkins & Webb, Raleigh, NC, for appellant.
 David Roy Blackwell, Sp. Deputy Atty. Gen., NC, Dept. of Justice, Raleigh, NC, for State appellees.
 Stephen D. Kaylor, Kaylor, Bankhead & Luffman, Hendersonville, NC, for appellee Haywood Street Redevelopment Corp.
 Michael F. Easely, Atty. Gen., Isham B. Hudson, Jr., Sr. Deputy Atty. Gen., NC, for State appellees.
 E.D.N.C.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, SPROUSE, Senior Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff/appellant Carl H. Ricker (Ricker) appeals the district court's summary judgment in this 42 U.S.C. Sec. 1983 action for alleged violations of due process, equal protection, and free speech. We affirm.
 
 I.
 
 2
 In 1990, the State of North Carolina desired to rent office space for its newly consolidated Department of Environment, Health, and Natural Resources (DEHNR). In conjunction with the State Property Office, a division of the Department of Administration, the DEHNR developed specifications for the needed property and advertised the specifications in the newspaper.
 
 
 3
 The State Property Office and DEHNR received three proposals in response to the advertisement. One was from Ricker, a well-known Republican activist. After evaluating all of the proposals, a DEHNR officer told the State Property Office that Ricker's proposal best suited the agency's needs. In accordance with North Carolina statutory procedure, the Department of Administration recommended Ricker's proposal to the Council of State (Council) "for approval or disapproval." N.C. Gen.Stat. Sec. 146.25 (1991).
 
 
 4
 Though the Council's approval of a recommended bid is fairly routine, Ricker's proposal met with considerable opposition from the heavily Democratic Council. Rather than voting on the proposal, the Council asked the Department of Administration to readvertise for another round of bids.
 
 
 5
 Ricker submitted a second proposal for the same office complex. Again, the Department of Administration recommended his proposal to the Council of State. On October 1, 1991, the Council disapproved Ricker's proposal by a five to four vote.
 
 
 6
 The Department of Administration subsequently extended its lease with the DEHNR's current office complex, the Interchange Building, which was owned by Defendant/Appellee Haywood Street Redevelopment Corporation.
 
 
 7
 Ricker filed suit against five Democratic members of the Council of State, the Secretary of Administration, and Haywood Street Redevelopment Corporation, alleging violation of his constitutional rights and unlawful interference with a prospective contractual relationship because of his membership in the Republican Party. The district court granted summary judgment against Ricker on his three section 1983 claims and accordingly dismissed his pendent state law claims.
 
 II.
 
 8
 To prevail on a section 1983 cause of action, a plaintiff must establish an underlying federal constitutional or statutory violation.* Ricker alleges a violation of the federal constitutional guarantees of due process, equal protection, and free speech.
 
 
 9
 To establish a due process violation under the Fourteenth Amendment, Ricker must prove that he had a constitutionally protectable property interest in the approval of his lease proposal and that the state denied this property right without the process that was due under the circumstances. "A property interest in a benefit protected by the due process clause results from a 'legitimate claim of entitlement' created and defined by an independent source, such as a state or federal law." Parks v. Watson, 716 F.2d 646 (9th Cir.1983), quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 10
 Ricker claims that, under North Carolina's statutory scheme for leasing of private real estate by the state, he was entitled to a lease once the Department of Administration recommended his proposed lease to the Council as the lowest suitable bid. This claim is supported by the fact that Council routinely approved recommended low bids. However, as the district court stated, "the Council retained ultimate authority to approve or disapprove the formation of lease contracts on behalf of the state." (J.A. 431-32.) The fact that Council approval is not automatic, but rather a matter of discretion, defeats Ricker's claim that his reasonable expectation of approval equated to a constitutionally protected entitlement or property interest.
 
 
 11
 The Ninth Circuit faced a similar situation in Bateson v. Geisse, 857 F.2d 1300 (9th Cir.1988), in which the court held that a property owner did not have a legitimate claim of entitlement to approval of proposed plat under state or local law so as to support a section 1983 claim against city council members. The council rejected plaintiff's proposed plat under a municipal ordinance that specifically authorized council to approve, conditionally approve, or reject minor plats. The court held that the council, armed with such discretion, could reject the proposed plat without violating due process because the plaintiff had no property interest in approval of his proposal of which to be deprived. Id. at 1305-06. However, the court found that the council had violated due process in rejecting a building permit for the same property of the plaintiff, because city regulations granted the council no discretion to disapprove building permit applications once all prerequisites were met. Id. at 1303.
 
 
 12
 Here, Ricker had negotiated leases with the state on previous occasions, at least one of which required approval of the Council. (J.A. at 432.) Thus, he knew or should have known that under North Carolina's statutory scheme, this proposed lease was not binding until approved by the Council. Ricker's unilateral expectations, however earnestly held, can not transform the Department of Administration's recommendation of his proposal to the Council into a legally binding contract; therefore, Ricker has no property interest of which to be deprived.
 
 
 13
 To establish an equal protection violation under the Fourteenth Amendment, Ricker must show that North Carolina has denied him equal protection of the laws.
 
 
 14
 Ricker has not alleged that a statutory scheme creates a class of individuals subject to disparate treatment. Nor has he made a showing that state law was applied unequally, given the discretion of the Council to approve or disapprove proposals. Even assuming for purposes of summary judgment that the rejection of Ricker's proposal was based purely on his political affiliation, Ricker has nevertheless failed to prove an equal protection violation based on discrimination against a protected class.
 
 
 15
 Likewise, Ricker has failed to establish a violation of his First Amendment free speech rights. While it is true that political partisanship may not serve as the basis for certain government decisions, such as dismissing a public employee, these restrictions have not been extended to denials of state contracts. The district court correctly acknowledged "a distinction between public employees, whose right to continued state employment is protected ... and private contractors, whose 'right' to be awarded contracts on a strictly merit basis has not yet been recognized." (J.A. at 434.)
 
 
 16
 Because Ricker cannot sustain a cause of action for violation of due process, equal protection, or free speech rights, the district court properly granted summary judgment for the state defendants.
 
 III.
 
 17
 Counsel for Ricker conceded at oral argument that the corporate defendant, Haywood Street Redevelopment Corporation, undertook
 
 
 18
 no action which would subject it to section 1983 liability. Therefore, the district court properly granted summary judgment for Haywood Street Redevelopment Corporation.
 
 IV.
 
 19
 For the reasons stated herein, the decision of the district court is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 *
 42 U.S.C. Sec. 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."